UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TONY PHELPS, | ) |
| | ) |
| Plaintiff, | ) JURY DEMAND |
| | ) |
| vs. | ) NO. 1:21-cv_____ |
| | ) |
| TEKSYSTEMS, INC.; U.S. XPRESS | ) |
| ENTERPRISES, INC.; and U.S. | ) |
| XPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff Tony Phelps ("Plaintiff") and files this Complaint against Defendants Teksystems, Inc., U.S. Xpress Enterprises, Inc. and U.S. Xpress, Inc. ("Defendant" or "Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* showing the Court as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this action for unpaid overtime pay, back pay, liquidated damages, compensatory damages, punitive damages, injunctive relief, and related relief by virtue of the provisions of 29 U.S.C. §1331 and §1337 without regard to the citizenship of the parties or amount in controversy.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## II. NATURE OF PROCEEDING

3. This is an action to recover unpaid overtime compensation under the FLSA and to redress unlawful retaliation for exercising rights under 29 U.S.C. §206, §207 and §215.

## III. PARTIES

4. Plaintiff was at time material a citizen of the State of Tennessee. Plaintiff now resides in the State of South Carolina. The matters giving rise to this action occurred within this District and Division.

5. Defendant Teksystems, Inc. ("Teksystems") is a corporation organized under the laws of Maryland. Teksystems does business in the State of Tennessee. Its Registered Agent for service of process in this State is Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

6. Defendant U.S. Xpress Enterprises, Inc. ("Enterprises") is a corporation organized under the laws of the State of Nevada. Enterprises does business in the State of Tennessee. It has its corporate headquarters and principal place of business in this District and Division. Its Registered Agent for Service of Process is also Corporation Service Company.

7. Defendant U.S. Xpress, Inc. (U.S. Xpress) is a corporation organized under the laws of the State of Nevada. U.S. Xpress does business in the State of Tennessee. It has its corporate headquarters and principal place of business in this District and Division. Its Registered Agent for Service of Process is also Corporation Service Company.

8. U.S. Xpress is a wholly owned subsidiary of Enterprises. The two corporations are jointly operated for the same business purposes and are joint employers for the purposes of this action. Unless indicated to the contrary, Enterprises and U.S. Xpress will be referred to collectively as "Enterprises."

## IV. FACTUAL BASIS

9. Teksystems is an employment agency. From about November of 2019 to about August of 2020 Teksystems employed Plaintiff for the purpose of working for, and under the supervision of, Enterprises. Plaintiff was paid an hourly rate for this work. Once Plaintiff was assigned to work for Enterprises, Plaintiff received his work tasks from Enterprises but received his pay from Teksystems. Basically, Enterprises was paying Teksystems for Plaintiff's work plus compensating Teksystems for arranging for Plaintiff to perform that work.

10. Enterprises assigned Plaintiff tasks that often required him to work more than 40 hours per week. However, Enterprises refused to pay premium pay for overtime work. Teksystems sometimes paid Plaintiff some of the overtime he had earned, but not always and not all. Both Teksystems and Enterprises had full knowledge that Plaintiff was being denied overtime pay.

11. Defendants decided that during Plaintiff's temporary assignment with Enterprises: (1) Plaintiff would work the required overtime hours (2) Teksystems would bill Enterprises for only 40 hours in a work week, regardless of how many overtime hours Plaintiff worked, (3) Plaintiff would report the actual hours worked to Teksystems, and (4) Teksystems would occasionally pay Plaintiff overtime pay for overtime hours he had worked. Both Enterprises and Teksystems had full knowledge of this arrangement. In fact, Teksystems acknowledged to Phelps that it owed the premium pay for the overtime work and promised to properly compensate him.

12. Even when Teksystems did pay some overtime to Plaintiff, the payments for such premium pay were not always made within either the week in which those overtime hours were worked or in the second week of a two-week pay period in which the overtime hours were worked in the first week.

13. Phelps did a good job performing work for Enterprises. On about June 10, 2020 Enterprises made Plaintiff an offer of permanent employment after the Teksystems project was completed. Plaintiff accepted this offer.

14. As the time for Plaintiff to transition from joint employment by Teksystems and Enterprises to an Enterprises employee approached, Phelps inquired of Teksystems when he would receive the overtime pay he had earned and had been promised. Teksystems then approached Enterprises and asked that it reimburse Teksystems for this cost.

15. Enterprises refused to reimburse Teksystems for Plaintiff's overtime pay. Also, because Plaintiff asked for his overtime pay, Enterprises retaliated against Plaintiff by withdrawing its offer of permanent employment.

16. Teksystems then refused to pay Plaintiff the remainder of his overtime pay. Also, because Plaintiff asked for his overtime pay, Enterprises also retaliated against Plaintiff by refusing to refer him to other jobs with Teksystems customers.

17. Plaintiff has lost considerable pay and benefits as the result of these unlawful acts.

## V.  CLAIMS

### *Claim 1:  Pay Violation (FLSA)*

18. Defendants violated Plaintiff's rights under the FLSA by refusing to pay him for hours over 40 in a work week and at the rate of one-and-one-half the regular rate of pay in violation of Section 7 of the Fair Labor Standards Act, as amended, 29 U.S.C. §207.

### *Claim 2:  Retaliation (FLSA)*

19. Defendants retaliated against Plaintiff by refusing to assign or refer Plaintiff to other Teksystems customers and by withdrawing an offer of permanent employment with Enterprises in violation of 29 U.S.C. §215.

### *Claim 3: Breach of Contract*

20. Defendants violated their contracts with Plaintiff by failing to pay Plaintiff at a rate of pay for each hour worked and for the payment of overtime pay at the federally prescribed premium rate for each hour worked in excess of 40 in each week and by failing to employ Plaintiff and assign him work.

### *Claim 4: Unjust Enrichment*

21. Defendants were unjustly enriched by refusing to pay all monies due to Plaintiff under their contracts and under applicable law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff accordingly prays for the following relief:

a. Judgment for the unpaid overtime hours worked by Plaintiff;

b. An additional amount as liquidated damages;

c. An order requiring Enterprises to employ Plaintiff in the position it had previously offered to him or, if the position is no longer available, front pay and benefits;

d. Judgment for Plaintiff's loss of earnings and the value of lost benefits;

e. Judgment for an equal amount as liquidated damages;

f. Compensatory damages for Defendants' violation of section 15 of the Fair Labor Standards Act;

g. Attorney fees and costs;

h. A jury on all triable claims; and

i. Such further relief to which Plaintiff may be applicable and proper.

BURNETTE DOBSON & PINCHAK

By: __s/ *Frank P. Pinchak*
    Frank P. Pinchak, BPR No. 002094
    Harry F. Burnette, BPR No. 004803
    Madison Hahn, BPR No. 037860
    Attorneys for Plaintiff
    711 Cherry Street
    Chattanooga, TN 37402
    Phone: (423) 266-2121
    Fax: (423) 266-3324
    fpinchak@bdplawfirm.com
    hburnette@bdplawfirm.com
    mhahn@bdplawfirm.com